UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    -against-<br><br>RAMZY FAISAL,<br><br>                              Defendant. | 24-cr-304 (AS)<br><br>ORDER |

ARUN SUBRAMANIAN, United States District Judge:

Defendant Ramzy Faisal's motion to withdraw the judgment, Dkt. 53, is DENIED.

Faisal's motion to revise the Presentence Report ("PSR") to reflect his relationship with Socorro Garzon will be granted when it is proposed, provided that the Court has jurisdiction to grant the application. The Court observes that in prior cases the government has consented to motions to amend the presentence report after the entry of judgment. *See* Consent Letter Motion, *United States v. Eisenberg*, 24-cr-251 (S.D.N.Y. June 17, 2025).

Faisal challenges the judgment on the ground that the Court improperly calculated the guidelines range. Faisal says that the Court erred by ascribing three criminal points to his youthful offender adjudication for robbery in the first degree, described in paragraph 38 of the PSR.

This argument fails for multiple reasons. As an initial matter, Faisal waived this argument by failing to object to the PSR's calculation of his criminal history score before sentencing or at sentencing, when the Court raised the issue *sua sponte*.

Moreover, the Court properly treated Faisal's youthful offender adjudication as an adult conviction, ascribing it three criminal history points under U.S.S.G. § 4A1.2(d)(1). The Second Circuit has held "that a Youthful Offender Adjudication must be treated as an adult conviction within the meaning of § . . . 4A1.2(d)(1) if the defendant 'although under age eighteen was tried in an adult court, convicted as an adult, and received and served a sentence exceeding one year and one month in an adult prison.'" *United States v. Lesane*, 579 F. App'x 51, 52 (2d Cir. 2014) (quoting *United States v. Driskell*, 277 F.3d 150, 167 (2d Cir. 2002)). That is the case here. Faisal was "prosecuted in Bronx County Supreme Court, which is an adult forum," "convicted of [a] felon[y]," and "received [a] sentence[] amounting to felony time." *Id.*; *see also United States v. Cruz*, 136 F. App'x 386, 388–89 (2d Cir. 2005) (holding that district court did not err by treating defendant's conviction as an adult conviction when the defendant "was charged with a serious adult crime," "was prosecuted and convicted" in Bronx County Supreme Court, and was sentenced to a term of probation of five years). As the government points out, Faisal also served his sentence at the Ulster Correctional Facility, an adult prison. *See* Dkt. 55-1. This is precisely the type of conviction that the Court is obligated to treat as an adult conviction under the guidelines. *See United States v. Simmons*, 2015 WL 4557453, at *6 (S.D.N.Y. July 28, 2015) (holding that youthful-offender adjudication counted as an adult conviction where the defendant was charged

and convicted in New York Supreme Court, received a sentence of one to three years, and served that sentence in Ulster Correctional Facility).

If Faisal's conviction in paragraph 38 were not an adult conviction, then the Court agrees that his sentencing guidelines range would be 100–125 months, as opposed to 110–137 months. However, even if the lower range applied, the Court would have imposed the same sentence. The Court imposed a non-guidelines sentence based on application of the 18 U.S.C. § 3553(a) factors and its independent appraisal of the facts and circumstances of Faisal's case. The Court's 70-month sentence (Faisal himself recommended a sentence of 60 months, while the Government urged a sentence in the range of 110 to 137 months) was carefully calibrated to Faisal's particular circumstances and was the sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in" § 3553(a)(2), including, among other things, the purpose of specific deterrence, which was addressed at length during the sentencing hearing.

Accordingly, Faisal's sentence would not change regardless of whether the guidelines range were 100–125 or 110–137 months.

SO ORDERED.

Dated: July 16, 2025
New York, New York

ARUN SUBRAMANIAN
United States District Judge